UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P384-H

**LESLIE LEE LAWSON**                                                                                         **PLAINTIFF**

v.

**GLENN DOTSON** *et al.*                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Leslie Lee Lawson filed this *pro se* civil rights action under 42 U.S.C. § 1983. He is proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except for his denial-of-access-to-courts claims against Glenn Dotson, Krystal Woods, and Kimberly Jefferson in their individual capacities for money damages and injunctive relief and in their official capacities for injunctive relief only.

I.

Plaintiff is an inmate at the Kentucky State Reformatory (KSR). He sues Cookie Crews, Warden at KSR; Glen Dotson, CUA I at KSR; Krystal Woods, C/O at KSR; Kimberly Jefferson, Sergeant at KSR; and the Kentucky Department of Corrections (KDOC). He sues Crews, Dotson, Woods, and Jefferson in their individual and official capacities.

Plaintiff states that he was not allowed sufficient time to use Westlaw to adequately research potential habeas corpus petitions and § 1983 actions. He states that KSR has only two Westlaw computers for use by 1,879 inmates and that this is not a sufficient number. Plaintiff also states that he was not allowed to print copies of cases off Westlaw or make other legal

copies because he was told by Woods and Jefferson that because he is on the indigency list he could not have copies made unless he could show them a court-imposed deadline. Plaintiff states that he also complained about the lack of access to Westlaw and legal copies to Dotson who denied his request. He states that the lack of adequate access to Westlaw and Defendants' refusal to make him copies prevented from filing § 2241 and § 2254 petitions.

Plaintiff also states that after he pursued his administrative remedies, he was harassed by Woods, Jefferson, and Dotson. He states that Crews "became aware" that Plaintiff was being denied access to Westlaw and legal copies and was being harassed by the other Defendants but did nothing to help him.

As relief, Plaintiff seeks $80,000 each in compensatory and punitive damages and injunctive relief in the form of ordering Defendants to install at least eight Westlaw computers in the law library and ordering Defendants to refrain from harassing him while he is trying to file his § 2241 and § 2254 actions.

## II.

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

3

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

**A.     The KDOC**

Plaintiff's claim against the KDOC will be dismissed. A state and its agencies[1] are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, Plaintiff's claim against the KDOC is barred by the Eleventh Amendment[2] to the United States Constitution. *Will*, 491 U.S. at 71; *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). For these reasons, Plaintiff's claim against the KDOC will be dismissed for failure to state a claim upon which relief may be granted and for seeking damages against a defendant who is immune from such relief.

**B.     Crews**

Plaintiff's claim against Warden Crews will also be dismissed. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Plaintiff states that Crews

---

[1]KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KRS § 12.250.

[2]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

"became aware" that he was being denied access to Westlaw and copies and was being harassed but did nothing to assist him. However, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872.

Here, Plaintiff fails to demonstrate any facts showing that Crews directly participated in any incidents of misconduct. Accordingly, Plaintiff's claim against Crews must be dismissed for failure to state a claim upon which relief may be granted.

**C.     Official-capacity claims for damages**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Dotson, Woods, and Jefferson are employees or officers of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will,* 491 U.S. at 71. Thus, because Plaintiff seeks money damages from state officers or employees in their official capacities, he fails to allege cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

5

Therefore, Plaintiff's official-capacity claims against Dotson, Woods, and Jefferson for monetary damages will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from Defendants who are immune from such relief.

**D.     Harassment claims**

Plaintiff states that Dotson, Woods, and Jefferson harassed him after he pursued his administrative remedies concerning access to Westlaw and copies.  Although verbal harassment by prison officials is not condoned, the law is clear that verbal harassment by itself does not violate the Constitution.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.").  Therefore, the Court will dismiss Plaintiff's allegations regarding these Defendants' verbal harassment of Plaintiff for failure to state a claim upon which relief can be granted.

**E.     Access-to-courts claims**

Plaintiff states that Dotson, Woods, and Jefferson denied him access to Westlaw and legal copies which prevented him from filing § 2241 and § 2254 habeas corpus petitions. Prisoners have a First and Fourteenth Amendment right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996).  Upon review, the Court will allow Plaintiff's access to courts claims to proceed against Dotson, Woods, and Jefferson in their individual capacities under the First and Fourteenth Amendments to the United States Constitution and Section 1 of the Kentucky Constitution for money damages and injunctive relief and in their official capacities for injunctive relief only.

Plaintiff fails to explain how the Fifth Amendment applies to his claims.  Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has stated a Fifth Amendment

6

claim against Defendants.  Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government.  *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977).  Here, the actions of state, not federal, officials are at issue.  Moreover, having shown no denial of basic needs, Plaintiffs fail to state any Eighth Amendment claim.  Therefore, the Court will dismiss Plaintiff's claims under the Fifth and Eighth Amendments to the United States Constitution for failure to state a claim upon which relief may be granted.

Plaintiff also cites Sections 2, 3, 7, 11, 16, 17, 26, and 115 of the Kentucky Constitution, but he fails to explain how these provisions apply to his claims.  Upon review, the Court will dismiss these claims, as well, for failure to state a claim to state a claim upon which relief may be granted.

### IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's claim against the KDOC is **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from a Defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Warden Cookie Crews is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against KDOC and Crews, the Clerk of Court is **DIRECTED** to **terminate** them from the action.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against all Defendants for monetary damages are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims for harassment and his denial-of-access-to-courts claims under the Fifth and Eighth Amendments to the United States Constitution and Sections 2, 3, 7, 11, 16, 17, 26, and 115 of the Kentucky Constitution are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's claims for denial of access to the Courts under the First and Fourteenth Amendments to the United States Constitution and Section 1 of the Kentucky Constitution will be allowed to proceed against Glenn Dotson, Krystal Woods, and Kimberly Jefferson in their individual capacities for money damages and injunctive relief and in their official capacities for injunctive relief only.

The Court will enter a separate Scheduling Order governing the development of these remaining claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.010