UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-P384-H

LESLIE LEE LAWSON                                                  PLAINTIFF

v.

GLENN DOTSON, *et al.*                                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The remaining Defendants, Glen Dotson, Krystal Woods, Kimberly Jefferson and Dawn Deckard, have moved for summary judgment. Plaintiff is an inmate confined in the Kentucky State Reformatory. Following an initial screening of the underlying action pursuant to 28 U.S.C. 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997) and a ruling on Plaintiff's motion to amend his complaint, the Court has allowed the following claims to proceed: (1) Plaintiff's access to the courts claims against defendants Dotson, Woods and Jefferson; (2) Plaintiff's retaliation claim against defendants Jefferson and Deckard.

Rather than make a specific response to the motion, Plaintiff has filed his own motion for summary judgment and a notice of interlocutory appeal on the Court's denial of his motion for leave to file an amended complaint. For the reasons that follow, the Court agrees with Defendants and, therefore, the complaint will be dismissed.

The Court observes that Plaintiff currently has an interlocutory appeal pending in the Sixth Circuit challenging a non-dispositive decision of this Court. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal" unless "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d

325, 327 (6th Cir. 1993). A notice of appeal from a plainly non-appealable order may properly be ignored by the district court. *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Accordingly, while the district court lacks jurisdiction to dismiss the improper appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), it may nevertheless proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed. *Cochran*, 651 F.2d at 1222. Upon review of the pending notice of appeal (DN 53) filed by Plaintiff, the Court finds that it is an attempt to appeal a non-final, non-appealable order, and therefore, does not divest this Court of its jurisdiction.

I.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted).

II.

Plaintiff alleges that Defendants have denied his right to access a law library (Westlaw access) and legal materials (printed copies of Westlaw cases and copies of potential exhibits to be filed with the court). Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance, such as Westlaw or printed copies of cases. *See Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985). The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey,* 518 U.S. 343, 350–51 (1996). To state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. 'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one

step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. at 351. Additionally, the *Lewis* Court held that only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action. *Lewis v. Casey,* 518 U.S. at 351-52 & n.3.

Plaintiff has alleged that the Defendants actions prevented him from filing (1) Petition for Writ of Habeas Corpus under 28 U.S.C. 2254 and (2) Petitions for Writ of Habeas Corpus under 28 U.S.C. 2241. However, as the following review shows, he has not made any argument why lack of access to Westlaw or copies of cases could have prevented the filing of these Petitions or that the Petitions might have merit.

A.

Plaintiff alleges that the Defendants prevented him from filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 relating to his incarceration under indictment 98-CR-0137 out of the Laurel Circuit Court. In that case Plaintiff was found guilty and on April, 26, 1999, sentenced to 80 years in prison. He appealed that conviction to the Kentucky Supreme Court which affirmed the conviction on May 24, 2001. He then filed an RCr 11.42 motion with the Laurel Circuit Court which was overruled. On August 21, 2009, Plaintiff appealed the denial of his 11.42 motion to the Court of Appeals which entered an opinion affirming in part and reversing in part. On remand the Laurel Circuit Court entered a second order on July 14, 2011, denying the 11.42 motion. On August 24, 2012, Plaintiff then again appealed to the Court of Appeals which entered an order vacating and remanding. On April 19, 2013, the Kentucky Supreme Court then granted discretionary review.

The federal habeas corpus statute requires that state prisoners first exhaust all available state remedies or demonstrate their inadequacies prior to filing a habeas action with federal court. 28 U.S.C. § 2254(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). A claim must be filed within one (1) year from the conclusion of the state court's review. 28 U.S.C. 2244(d). Therefore if Plaintiff was attempting to file a habeas petition based on the claims raised in his appeal of his conviction to the Kentucky Supreme Court, his petition would have had to be filed by May 24, 2002. If he intended to file a habeas petition based on claims raised in his RCr 11.42 motion, those claims are not yet exhausted since the Kentucky Supreme Court granted discretionary review on April 19, 2013, and has not concluded its review. Consequently, the evidence of record is that filing such a federal habeas petition would have been frivolous.

B.

Plaintiff next alleges that the Defendants prevented him from filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 relating to indictment 93-CR-00030 out of the U.S. District Court for the Eastern District of Kentucky. Plaintiff currently has a detainer lodged against him relating to this indictment for probation violations. 28 U.S.C. 2241 allows persons who are "in custody under or by color of the authority of the United States or is committed for trial before some court thereof" to request habeas relief. Plaintiff is not currently in custody of the United States nor is he committed for trial before some court thereof. The only pending matter Plaintiff has with the United States is a probation violation hearing.

Therefore any federal habeas petition Plaintiff would have filed regarding this indictment would have been frivolous.

C.

Plaintiff's final allegation is that the Defendants prevented him from filing a petition for writ of habeas corpus relating to indictment 87-CR-146 out of the Laurel Circuit Court. However, Plaintiff is no longer serving a sentence for this indictment. Section 2254(a) requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). The "in custody" requirement is jurisdictional; if a habeas petitioner is not 'in custody" for the conviction or sentence he is challenging, then the petition must be dismissed for lack of subject matter jurisdiction. *Id*. at 491; *Steverson v. Summers*, 258 F.3d 520, 523 (6th Cir. 2001). A habeas petitioner is no longer "in custody" pursuant to a conviction when the sentence for that conviction has expired. *White v. Kapture*, 42 F. App'x 672, 673-74 (6th Cir. 2002). As Plaintiff is no longer serving a sentence for the 1987 indictment in Laurel Circuit Court, any federal habeas petition Plaintiff would have filed regarding this indictment would have been frivolous.

D.

Protection of an inmate's right of access to the courts may be achieved through various means. The state can satisfy a prisoner's constitutionally-guaranteed right of access to the courts with either the legal tools necessary to defend himself, or the assistance of legally-trained personnel. *Holt v. Pitts*, 702 F .2d 639, 640 (6th Cir.1983). It does not require the provision of both. *Glover v. Johnson*, 75 F.3d 264, 267 (6th Cir. 1996). Plaintiff has an attorney from the Kentucky Department of Public Advocacy representing him on his RCr 11.42 motion and

subsequent appeals as to indictment 98-CR-0137.  As to indictment 93-CR-00030 Plaintiff is entitled to have an attorney appointed to represent him at his probation revocation hearing.  Fed. R. Crim. P. 32.1.  Since Plaintiff has assistance from a person trained in the law, Defendants are not required to also provide him access to a law library in order to protect his access to the court. *Glover v. Johnson*, 75 F.3d at 267; s*ee also Holt v. Pitts*, 702 F.2d at 640.

Plaintiff complains that the amount of time he was allowed to use the library resources was inadequate to meet his needs.  However, no holding states a general right to any minimum amount of time for prison law library use.  *Skelton v. Pri-Cor, Inc*. 963 F.2d 100 (6th Cir. 1991).  This Court has already found that Plaintiff was granted access to Westlaw on multiple occasions.

As to Plaintiff's claim that the Defendants refused to provide him copies of the federal habeas corpus forms and refused to make copies of exhibits he needed to attach to his Petition, the clerk is required to provide a copy of the form to a habeas petition.  This Court does not require that a petitioner attach exhibits to his petition.  Therefore Defendants did not violate Plaintiff's right of access to the court by refusing to make copies of documents.

For all of the foregoing reasons, Plaintiff's denial of access to courts claims fail as a matter of law, and Defendants are entitled to summary judgment on these claims.

### III.

The elements of a First Amendment retaliation claim are: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action-in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct.  *See Thomas v.*

*Eby*, 481 F.3d 434, 440 (6th Cir. 2007). Plaintiff alleges that Defendants retaliated against him by making a June 16, 2011 disciplinary report charging him with using abusive, vulgar, obscene or threatening language. However, a retaliation claim should not be allowed under these circumstances.

First, the use of such language is subject to a report and Plaintiff has admitted to Defendant Dawn Deckard that he did say the phrase "that sonofabitch" but claimed that it was not directed at Defendant Dotson. This constitutes a factual basis for the report. Plaintiff must have some evidence that an improper motive caused the report and that the report itself constituted an adverse action. Plaintiff has shown neither.

Plaintiff has only provided this court with three grievances that were filed against Defendant Jefferson and no grievances that were filed against Defendant Deckard. Of the grievances against Defendant Jefferson, only one was filed prior to the June 16th disciplinary report and all three grievances were rejected as improperly filed.

There is no evidence that either defendant was aware that Plaintiff had filed grievances against them that could serve as motivation for the disciplinary report. And, there is no evidence that the consequences of the reports were serious enough to constitute an adverse action.

Therefore, Plaintiff's retaliation claims fail as a matter of law, and Defendant are entitled to summary judgment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment (DN 57) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment (DN 52) is SUSTAINED, and the complaint will be dismissed by separate order.

Date:

cc: Leslie Lee Lawson, *Pro Se*
    Counsel of Record